WALTER H. COOKE, EMPLOYEE v. THURSTON MOTOR LINES, INC., EMPLOYER, AETNA CASUALTY & SURETY CO., CARRIER

No. 718IC739

(Filed 29 December 1971)

Master and Servant § 93— denial of motion to take additional evidence and for rehearing

In this workmen's compensation proceeding, the Industrial Commission properly denied plaintiff's motion to take additional evidence on appeal and motion for a rehearing on all issues, where plaintiff's claim was denied by the hearing commissioner on the ground that plaintiff did not sustain an injury by accident arising out of and in the course of his employment, additional medical testimony plaintiff proposes to offer, which he did not have at the time of the hearing, has no bearing on how the accident occurred, and additional testimony plaintiff proposes to give is only more elaborative than his testimony at the original hearing.

APPEAL by plaintiff from an Opinion and Award by the North Carolina Industrial Commission, filed 18 May 1971, denying compensation.

Plaintiff filed claims for two alleged injuries to his back, one injury on 15 October 1969 and another on 18 January 1970. On 26 March 1970, a Notice of Hearing was issued to all parties advising of a hearing in Wayne County "to determine all matters involved." On 1 December 1970, Deputy Commissioner Delbridge filed his opinion and award denying compensation. Plaintiff appealed to the Full Commission, and also filed a motion to take additional evidence on appeal and a motion for a rehearing on all issues. The Commission denied plaintiff's two motions and, with minor amendments, affirmed the opinion and award of the Deputy Commissioner. Plaintiff appealed to this Court.

*Crisp, Twiggs & Bolch, by Grover C. McCain, Jr., for plaintiff.*

*Freeman & Edwards, by James A. Vinson III, for defendants.*

BROCK, Judge.

Plaintiff argues five questions for our consideration. The first three are each related to the refusal of the Commission to allow the plaintiff to offer additional evidence either on appeal or by ordering a rehearing.

When plaintiff's evidence was taken by the Deputy Commissioner, plaintiff was at liberty to offer all competent evidence in his possession in support of his claim for compensation for either or both alleged injuries. Plaintiff's claim was denied because of a finding by the Deputy Commissioner that plaintiff did not sustain an injury by accident arising out of and in the course of his employment. Plaintiff does not propose to offer newly discovered evidence upon the question of how the injury occurred. He only proposes testimony by the claimant which is different, or more elaborate, than his testimony as originally given. Plaintiff's proposal to offer additional medical testimony and opinion, which he did not have at the time of the hearing, would have no bearing upon the crucial question of how the accident occurred. In our opinion, the Commission was correct in denying an additional evidentiary hearing, whether on appeal or by rehearing before the Deputy Commissioner.

Plaintiff's fourth and fifth arguments are addressed to the contents of the Opinion and Award filed by the Full Commission. They present no new or unusual questions and in our opinion are without merit.

Plaintiff had a full and fair hearing. He is not entitled to relitigate merely because the facts have been found against him.

No error.

Judges BRITT and VAUGHN concur.